IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BILLY JOE JACKSON, JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WESTERN ARCHITECTURAL SERVICES, LLC; TRACY JONES; and SCOTT JONES<br><br>　　　　　Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No. 2:18-cv-849<br><br>Judge Clark Waddoups |

Plaintiff Billy Joe Jackson, Jr. ("Jackson") moves for default judgment against three defendants and Defendant Scott Jones moves to set aside default judgment against him individually. For the reasons stated below, the court denies the motion for default judgment and grants the motion to set aside entry of default.

## FACTUAL BACKGROUND

Jackson has filed a complaint for recovery of lost wages and other damages under the Fair Labor Standards Act against Western Architectural Services, LLC ("Western"); Tracy Jones ("Tracy"), and Scott Jones ("Scott"). Jackson also claims damages for breach of contract. Jackson asserts Defendants hired him in or about August of 2007 "to be a mold builder/technician," and terminated him in or about August of 2018. Complaint, ¶¶ 13–15 (ECF No. 2). Jackson does not specify what positions Tracy and Scott held at the company, nor the respective roles they had at

Western.  Instead, Jackson groups the defendants together in his allegations.  Additionally, Jackson does not allege how Western met the requirements to be a covered entity under the FLSA.  He merely asserts that Western was such an entity and regulated by the FLSA.  *Id.* ¶ 11.

During the eleven-year period Jackson worked for Western, he asserts he was a non-exempt employee and did not regularly perform exempt duties as a wage earner.  *Id.* ¶¶ 16–17.  Jackson further asserts Defendants paid him late "at least six times," and that he is owed for 160 hours of unpaid work.  *Id.* ¶¶ 18–19.  He also asserts Defendants owe him (1) liquidated damages for the nonpayment of wages, (2) unpaid personal time off, (3) "an undetermined amount of insurance for 2017," and (4) fees arising from a bounced check.  *Id.* ¶¶ 20–25.  Other than the assertion about unpaid insurance in 2017, Jackson does not allege when he earned the unpaid wages, accrued the time off, or suffered any of the other alleged losses.

Three Proofs of Service were filed with the court on November 7, 2018.  All three state that the Complaint and Summons were served on Scott Jones for the respective defendants (ECF Nos. 6–8).  The process server stated that Scott was the registered agent for Western (ECF No. 7), and that he also was authorized to accept service on behalf of Tracy (ECF No. 6).  The Complaint notes, however, the registered agent for Western was Jeffrey N. Walker.  Complaint, at 2 n.1 (ECF No. 2).  There is no other information to support that Scott was authorized to accept service on behalf of Tracy.

None of the defendants answered or otherwise responded to the Complaint.  Thus, on February 8, 2019, the Clerk of Court entered a Default Certificate against each of them (ECF No. 15).  On March 12, 2019, Jackson moved for default judgment (ECF No. 17).  On April 30, 2019, Scott moved to set aside default as a *pro se* defendant (ECF No. 22).  He contends he cannot be

held personally liable because he was an officer of Western.  Mot. to Set Aside, at 1 (ECF No. 22).

Due to that understanding, Scott did not respond to the Complaint and contends default judgment

against him is improper.  *Id.* at 2.  He further asserts the claim for wages should have been "directed

to the Department of Labor and not reduced to judgment" in this case.  *Id.* at 1.  Jackson also

contends he was not an "employer" under the FLSA.  He asserts he did not exercise independent

management control and was not involved in any hiring or firing decisions.  Reply Memo., at 1

(ECF No. 25).  Instead, he had the responsibility to oversee Western's production shop.  *Id.*

Accordingly, Scott moves to set aside the judgment pursuant to Rule 60(b)(4) and (6).  Mot. to Set

Aside, at 1–2 (ECF No. 22).

<u>**ANALYSIS**</u>

**I.      JURISDICTION**

The Tenth Circuit has stated "when entry of a default judgment is sought against a party

who has failed to plead or otherwise defend, the district court has an affirmative duty to look into

its jurisdiction both over the subject matter and the parties."  *Dennis Garberg & Assocs., Inc. v.*

*Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (quotations, citation, and alteration

omitted).

**A.      Subject Matter Jurisdiction**

The court has subject-matter jurisdiction over Jackson's FLSA claim based on a federal

question arising under the laws of the United States.  28 U.S.C. § 1331.  Once a court has original

jurisdiction, it also has "supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction."  28 U.S.C. § 1367(a).  Jackson's breach of contract

claim is so related.  The court therefore has subject-matter jurisdiction to address the claims Jackson has filed.

  **B.**  **Service of Process**

  As to personal jurisdiction, an individual may be served by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)–(C).  Service also may be accomplished by "following state law" requirements for service.  *Id.* at 4(e)(1).

  Service on a limited liability company also may be accomplished by following state law requirements, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive process." Fed. R. Civ. P. 4(h)(1)(A)–(B).  If an entity receives notice of suit, but was not served properly, notice by itself cannot establish personal jurisdiction.  *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*., 766 F.3d 74, 81 (D.C. Cir. 2014) (citations omitted).  Instead, "courts have uniformly held . . . a judgment is void where the requirements for effective service have not been satisfied." *Id.* (quotations, citation, and alteration omitted).  Nevertheless, under "certain circumstances in which service of process was 'in substantial compliance with the formal requirements of the Federal Rules,' courts have considered actual notice in sustaining the adequacy of service despite a minor, nonprejudicial defect." *Id.* (quoting *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924 n.14 (11th Cir. 2003) (citing cases showing allowance)).  A court also "may permit proof of service to be amended." Fed. R. Civ. P. 4(*l*)(3).

In this case, the process server served Scott personally by hand delivering a copy of the summons and complaint to him.  The court therefore has personal jurisdiction over Scott.

Scott also accepted service on behalf of Western.  Although the Return of Service states Scott accepted service as the registered agent for Western, the Complaint reports that Jeffrey Walker was Western's registered agent.  Thus, the process server's statement on that point appears to be incorrect.  Nevertheless, Scott acknowledges he was an officer of Western.  Mot. to Set Aside, at 1 (ECF No. 22).  Service upon an officer of a limited liability company constitutes service on that company.  Even though the Return of Service incorrectly reports the manner of service, Western has been served in conformance with Rule 4(h)(1)(B).  The court concludes the proper process, with a technical defect only in the proof of such service, constitutes substantial compliance with the Federal Rules in this case.  To correct the technical defect, however, the court directs Jackson to file an amended proof of service that reflects Scott's proper position as an officer of Western rather than its registered agent.

As to Tracy, the Return of Service states Scott also accepted service for him as his authorized agent.  Service upon an agent of an individual is "distinguished from the provision for service on an organization's 'managing or general agent.'" 4A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1097 (4th ed. 2008).  "To establish agency by appointment, an actual appointment for the specific purpose of receiving process normally is expected."  *Pollard v. Dist. of Columbia*, 285 F.R.D. 125, 128 (D.D.C. 2012) (quotations and citation omitted).  "Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule

4(e)(2)." *Id.* (quotations and citation omitted). Such evidence is lacking in this case. Thus, service upon Tracy was ineffective and must be accomplished through one of the authorized means stated above.

In sum, the court has personal jurisdiction over Scott. As to Western, the proof of service has a technical defect. Because it is a mere technical defect, it does not nullify that Western's officer accepted service on behalf of Western and that Western had proper notice of this suit. Jackson, however, is directed to amend and re-file the proof of service to correct the technical defect. Once that occurs, Jackson may move for default judgment again.[1] Service on Tracy was ineffective. Accordingly, the court does not have personal jurisdiction over Tracy and hereby sets aside entry of default against him.

## II.    SET ASIDE ENTRY OF DEFAULT

Scott moves to set aside entry of default against him individually. Rule 55(c) of the Federal Rules of Civil Procedure specifies a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c) (2020). Because the Clerk of Court only entered a default certificate and not default judgment, the good cause standard under Rule 55(c) is applicable here. "'[T]he good cause required . . . for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule 60(b)].'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garber & Assocs., Inc.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). Moreover, "[d]efault judgments are disfavored by courts." *Polaski*

---

[1] Before filing a second Motion for Default Judgment, the court directs Jackson to review carefully the court's analysis in Section III below.

*v. Colo. Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) (citing *Katzson Bros., Inc. v. United States EPA,* 839 F.2d 1396, 1399 (10th Cir. 1988)).

"The principal factors in determining whether a defendant has met a good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 U.S. App. LEXIS 24463, at *9 (10th Cir. Aug. 29, 1995). These factors are not exhaustive, nor must a court consider all of them. *Id.* (citations omitted).

### A.      Culpable Conduct

"If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 1995 U.S. App. LEXIS 24463, *9–10 (citations omitted). "[A] defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *Id.* at *10 (citations omitted). When a defendant fails "to answer or otherwise respond to [a] complaint after receiving actual notice of the complaint, [it] demonstrate[s] a willful disregard for the court." *Id.* at *11.

Here, Scott received actual notice of the complaint and chose not to answer or otherwise respond. Scott asserts, however, that he did not answer because the law does not allow an officer of a limited liability company to be held personally liable. According to his reasoning, since he cannot be held personally liable, he thought he did not have to answer. After default was entered, however, he moved to set it aside.

When a person is served with a summons and complaint, the proper course is to answer or otherwise respond, such as by filing a motion to dismiss the complaint. Failure to do so ignores

the court's authority to summon a person to court.  While Scott's reasoning is not well-taken, the court notes he is acting *pro se* and that the law disfavors default judgment.  Moreover, he moved to set aside default timely.  Based on these considerations, the court concludes that Scott did not act with the degree of willful disregard necessary to constitute culpable conduct.

**B.      Prejudice to Plaintiff**

Jackson opposes the motion to set aside default, but he has not specified how he would be prejudiced in light of Scott's timely motion.  Finding no prejudice, this factor weighs in favor of Scott.

**C.      Meritorious Defense**

i.      Failure to Exhaust Administrative Remedies

Jackson asserts he was paid late on at least six occasions and then not paid at all for 160 hours of work.  Scott contends Jackson should have filed his wage claim with the Utah Labor Commission before filing suit.  In other words, Scott contends Jackson's wage claim is barred because he failed to exhaust administrative remedies.  FLSA procedures, however, "do not include an exhaustion requirement."[2]  *Ososky v. Wick*, 704 F.2d 1264, 1265 (D.C. Cir. 1983); *see also Levine v. Merrill Lynch, Pierce, Fenner, & Smith Inc.*, No. 09-Civ-304, 2009 U.S. Dist. LEXIS 141424, at *20 (S.D.N.Y Dec. 22, 2009) (stating "FLSA does not require exhaustion of administrative remedies").

"The FLSA requires an employer to pay employees for their work . . . ."  *Aguilar v. Mgmt. & Training Corp.*, 948 F.3d 1270, 1276 (10th Cir. 2020).  Such pay must equal at least minimum

---

[2]  The court does not address here whether all of Jackson's alleged damages fall within the FLSA. It is sufficient that at least a portion of them do for this analysis.

wage and be paid in accordance with the employer's established pay schedule.  29 U.S.C. § 206(a);

*Martin v. United States*, 117 Fed. Cl. 611, 616–17 (2014).  Failure to do so may give rise to an

FLSA claim and liquidated damages.  *See* 29 U.S.C. § 216(b) (stating availability of liquidated

damages).  Scott does not dispute "Jackson was not paid his fair wages."  Reply Memo., at 2 (ECF

No. 25).  Thus, Scott has failed to show a meritorious defense on this ground.

        ii.      <u>Officer Status</u>

As stated above, Scott also contends he cannot be liable because of his position as an officer

of Western.  Mot. to Set Aside, at 1 (ECF No. 22).  The Tenth Circuit has not addressed individual

liability of an officer under the FLSA, but other courts have.  Although "Congress did not intend

the FLSA to lightly disregard the shield from personal liability provided by doing business in a

corporate" or limited liability form, this does not mean an officer may never be held personally

liable for the nonpayment of wages.  *Does v. Rodriquez*, No. 06-cv-805, 2007 U.S. Dist. LEXIS

15061, at *7–8 (D. Colo. Mar. 2, 2007) (citing *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d

668, 677 (1st Cir. 1998)).  Instead, the consensus is that an officer may be held personally liable

for the nonpayment of wages if the officer meets the definition of an employer and had sufficient

involvement in the non-payment of wages.  *Id.* at *8; *Jensen v. Redcliff Ascent, Inc.*, 2014 U.S.

Dist. LEXIS 82478 (D. Utah June 17, 2014) (noting holdings from multiple jurisdictions on the

issue).  Thus, Scott's status as an officer of Western, by itself, does not afford a meritorious

defense.

        iii.     <u>Employer Status</u>

Finally, Scott contends he does not meet the definition of an "employer."  The FLSA

defines an "employer" as "any person acting directly or indirectly in the interest of an employer in

relation to an employee." 29 U.S.C. § 203(d).  The definition is broad.  "'Unfortunately, however, the statute's definition of 'employer' relies on the very word it seeks to define.'"  *Acosta v. Maranto*, 2017 U.S. Dist. LEXIS 151874, at *5 (W.D. Okla. Sept. 19, 2017) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013)).  Thus, "most appellate courts have 'treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'"  *Id.* (quoting *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008)).

In this case, Scott contends he owned less than six percent of Western and was not involved in the decisions of who was hired and fired.  Reply Memo., at 1–2 (ECF No. 25).  He contends Tracy "determined what jobs needed to be completed" in the shop and that Scott was responsible for "production deadlines."  *Id.* at 1.  Thus, Scott asserts Western employed Jackson and Tracy had oversight and control over Jackson, not him.  *Id.* at 2.  These contentions are sufficient to create an issue of fact as to whether Scott was an employer.  He therefore may have a meritorious defense on this ground.

Based on the factors stated above, the court concludes Scott's motion is well-taken and hereby sets aside entry of default against Scott.  Thus, he is directed to answer or otherwise respond to the Complaint.  In light of Scott's *pro se* status and present COVID-19 considerations, the court extends the time for answering or otherwise responding until **June 30, 2020**.

## III.   DEFAULT JUDGMENT

"Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."  *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (citations omitted).  The court has set aside entry of default against Tracy for

lack of personal jurisdiction and against Scott for the reasons stated above.  Because the court has "set aside the entry of default, and because a default judgment cannot [be] entered in the absence of such entry," *id.*, the court necessarily denies Jackson's Motion for Default Judgment as to Tracy and Scott.  The court also denies Jackson's motion as to Western.  If the technical defect is corrected, Jackson may file a new default judgment motion.

The court cautions Jackson, however, that default judgment is not granted as of right. Jackson must state a proper claim for relief before the court will enter default.  Much of Jackson's Complaint contains "a formulaic recitation of the elements" instead of a "plausible set of facts . . . showing a [defendant] may qualify as an employer within the FLSA."  *Jensen*, 2014 U.S. Dist. LEXIS 82478, at *20; *see also Al-Quraan v. 4115 8th St. NW, LLC*, 113 F. Supp. 3d 367, 370 (D.D.C. 2015) (dismissing complaint because it failed to allege facts showing nature of employer status).  Moreover, Jackson will be required to prove damages.  Such proof will require showing when Jackson was scheduled to receive pay for work that he had performed, and when the defendants failed to pay Jackson in accordance with that schedule.  *Thompson v. RCA Corp., No. 79-1259*, 1981 U.S. Dist. LEXIS 17543, at *4 (D.D.C. Oct. 22, 1981) (stating "an employee bringing an action under the FLSA has the burden of proving that he has performed work for which he was not properly compensated").  The court therefore directs Jackson to consider these factors before he files another motion for default judgment.

## CONCLUSION

For the reasons stated above, the court DENIES Jackson's Motion for Default Judgment (ECF No. 17).  The court GRANTS Scott's Motion to Set Aside Default (ECF No. 22).  Scott is

directed to answer or otherwise respond to Jackson's Complaint **on or before June 30, 2020**.  The court also sets aside entry of default against Tracy due to lack of personal jurisdiction.

Finally, Jackson is directed to file an amended proof of service as to Western that shows Scott's proper role as an officer rather than a registered agent for Western.  The amended proof of service shall be filed **on or before June 30, 2020**.

DATED this 26th day of May, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge